UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.S., a minor, by and through his Next Friend,
KATHARINE SMITH, and KATHARINE
SMITH,

                Plaintiffs,                      Hon. Gerald Rosen

vs.                                            No. 09-14225

HOLLY AREA SCHOOLS, TONY MAYHEW
and KENT BARNES,

                Defendants.
_____/

DAVID A. CORTMAN
ALLIANCE DEFENSE FUND
Attorney for Plaintiffs
1000 Hurricane Shoals Road, NE
Building D, Suite 600
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-6744 fax
dcortman@telladf.org

JOEL J. KIRKPATRICK (P62851)
KIRKPATRICK LAW OFFICES
Attorney for Plaintiffs
31800 Northwestern Highway, Ste. 350
Farmington Hills, MI 48334
(248) 855-6010
(866) 241-4152 fax
joel@kirk-law.com

TIMOTHY J. MULLINS (P28021)
GIARMARCO, MULLINS & HORTON, P.C.
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7000
(248) 457-7001 fax
tmullins@gmhlaw.com

_____/

## DEFENDANTS' ANSWER TO COMPLAINT

      NOW COME the Defendants, HOLLY AREA SCHOOLS, TONY MAYHEW and

KENT BARNES, by and through their attorneys, GIARMARCO, MULLINS & HORTON,

P.C., and for their Answer to Plaintiff's Complaint states as follows:

## I. INTRODUCTION

      1.     In response to paragraph 1, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

2.      In response to paragraph 2, Defendants deny any allegation of censorship as such allegation is untrue, and neither admit nor deny the remaining allegations for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

3.      In response to paragraph 3, Defendants deny the allegations contained therein for the reason they are untrue and, in addition, affirmatively aver that a flyer such as Plaintiff purportedly attempted to distribute may be placed in a designated distribution rack within the lobby of the building and thereby be distributed to any interested parties.

4.      In response to paragraph 4, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs. Defendants, however, affirmatively aver that a flyer such as Plaintiff purportedly attempted to distribute may be placed in a designated distribution rack within the lobby of the building and thereby be distributed to any interested parties.

5.      In response to paragraph 5, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs. Defendants, however, affirmatively aver that a flyer such as Plaintiff purportedly attempted to distribute may be placed in a designated distribution rack within the lobby of the building and thereby be distributed to any interested parties.

6.      In response to paragraph 6, Defendant admits that flyers may be distributed by placing them in the designated distribution rack within the lobby of the building. Defendants neither admit nor deny the remaining allegations for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

7.      In response to paragraph 7, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

8.      In response to paragraph 8, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

9.      In response to paragraph 9, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

10.     In response to paragraph 10, Defendants deny the allegations contained therein for the reason they are untrue.

## II. JURISDICTION AND VENUE

11.     In response to paragraph 11, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

12.     In response to paragraph 12, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

13.     In response to paragraph 13, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

14.    In response to paragraph 14, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

15.    In response to paragraph 15, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

16.    In response to paragraph 16, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

17.    In response to paragraph 17, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

### III. IDENTIFICATION OF THE PLAINTIFFS

18.    In response to paragraph 18, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

19.    In response to paragraph 19, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

20.    In response to paragraph 20, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiffs to their proofs.

21.    In response to paragraph 21, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

22.    In response to paragraph 22, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

23.    In response to paragraph 23, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

24.    In response to paragraph 24, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

25.    In response to paragraph 25, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

### IV.  IDENTIFICATION OF THE DEFENDANTS

26.    In response to paragraph 26, Defendants admit the allegations contained therein.

27.    In response to paragraph 27, Defendants admit the allegations contained therein.

28.    In response to paragraph 28, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiffs to their proofs.

29.    In response to paragraph 29, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

30.    In response to paragraph 30, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

31.    In response to paragraph 31, Defendants deny the allegations contained therein for the reason they are untrue.

32.    In response to paragraph 32, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

33.    In response to paragraph 33, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

34.    In response to paragraph 34, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

35.    In response to paragraph 35, Defendants deny the allegations contained therein for the reason they are untrue.

36.    In response to paragraph 36, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

37.    In response to paragraph 37, Defendants deny the allegations contained therein for the reason they are untrue.

38.    In response to paragraph 38, Defendants deny the allegations contained therein for the reason they are untrue.

39.    In response to paragraph 39, Defendants deny the allegations contained therein for the reason they are untrue.

40.    In response to paragraph 40, Defendants deny the allegations contained therein for the reason they are untrue.

41.    In response to paragraph 41, Defendants admit the allegations contained therein.

42.    In response to paragraph 42, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

43.    In response to paragraph 43, Defendants deny the allegations contained therein for the reason they are untrue.

44.    In response to paragraph 44, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

45.    In response to paragraph 45, Defendants deny the allegations contained therein for the reason they are untrue.

46.    In response to paragraph 46, Defendants deny the allegations contained therein for the reason they are untrue.

# V.  ALLEGATIONS OF FACT

47.    In response to paragraph 47, Defendants admit the allegations contained therein.

48.    In response to paragraph 48, Defendants admit the allegations contained therein.

49.    In response to paragraph 49, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

50.    In response to paragraph 50, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

51.    In response to paragraph 51, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

52.    In response to paragraph 52, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

53.    In response to paragraph 53, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

54.    In response to paragraph 54, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

55.    In response to paragraph 55, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

56.    In response to paragraph 56, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

57.    In response to paragraph 57, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

58.    In response to paragraph 58, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

59.    In response to paragraph 59, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

60.    In response to paragraph 60, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

61.    In response to paragraph 61, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

62.    In response to paragraph 62, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiffs to their proofs.

63.    In response to paragraph 63, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

64.    In response to paragraph 64, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

65.    In response to paragraph 65, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

66.    In response to paragraph 66, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

67.    In response to paragraph 67, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

68.    In response to paragraph 68, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

69.    In response to paragraph 69, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

70.    In response to paragraph 70, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

71.    In response to paragraph 71, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

72.    In response to paragraph 72, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

73.    In response to paragraph 73, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

74.    In response to paragraph 74, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

75.    In response to paragraph 75, Defendants deny the allegations contained therein for the reason they are untrue. Defendants affirmative aver that a designated rack is located in the lobby of the building in which flyers can be placed and from which they can be distributed.

76.    In response to paragraph 76, Defendants deny the allegations contained therein for the reason they are untrue.

77.    In response to paragraph 77, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

78.    In response to paragraph 78, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

79.    In response to paragraph 79, Defendants deny the allegations contained therein for the reason they are untrue.

80.    In response to paragraph 80, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

81.    In response to paragraph 81, Defendants deny the allegations contained therein for the reason they are untrue. Defendants, however, affirmatively aver that a flyer such as Plaintiff purportedly attempted to distribute may be placed in a designated distribution rack within the lobby of the building and thereby be distributed to any interested parties.

82.    In response to paragraph 82, Defendants deny the allegations contained therein for the reason they are untrue.

83.    In response to paragraph 83, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

84.    In response to paragraph 84, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

85.    In response to paragraph 85, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiffs to their proofs.

86.    In response to paragraph 86, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

87.    In response to paragraph 87, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

88.    In response to paragraph 88, Defendants deny any censorship for the reason that said allegation is untrue. As to the remaining allegations contained therein, Defendants neither admit nor deny for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

89.    In response to paragraph 89, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

90.    In response to paragraph 90, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

91.    In response to paragraph 91, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

92.    In response to paragraph 92, Defendants deny any censorship for the reason that said allegation is untrue. As to the remaining allegations contained therein, Defendants neither admit nor deny for lack of knowledge upon which to form a belief

and, therefore, leave Plaintiffs to their proofs.

## VI.  ALLEGATIONS OF LAW

93.    In response to paragraph 93, Defendants neither admit nor deny the allegation contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein, and therefore leaves Plaintiff to their proofs.

94.    In response to paragraph 94, Defendants neither admit nor deny the allegation contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein, and therefore leaves Plaintiff to their proofs.

95.    In response to paragraph 95, Defendants neither admit nor deny the allegation contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein, and therefore leaves Plaintiff to their proofs.

96.    In response to paragraph 96, Defendants neither admit nor deny the allegation contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein, and therefore leaves Plaintiff to their proofs.

97.    In response to paragraph 97, Defendants neither admit nor deny the allegation contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein, and therefore leaves Plaintiff to their proofs.

98.    In response to paragraph 98, Defendants neither admit nor deny the

allegation contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein, and therefore leaves Plaintiff to their proofs.

99.   In response to paragraph 99, Defendants neither admit nor deny the allegation contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein, and therefore leaves Plaintiff to their proofs.

100.   In response to paragraph 100, Defendants neither admit nor deny the allegation contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein, and therefore leaves Plaintiff to their proofs.

101.   In response to paragraph 101, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

102.   In response to paragraph 102, Defendants deny the allegations contained therein for the reason they are untrue.

103.   In response to paragraph 103, Defendants deny the allegations contained therein for the reason they are untrue.

104.   In response to paragraph 104, Defendants deny the allegations contained therein for the reason they are untrue.

105.   In response to paragraph 105, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

## FIRST CAUSE OF ACTION: VIOLATION OF THE FREE SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

106.    Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 105 inclusive, as if fully set forth herein.

107.    In response to paragraph 107, Defendants neither admit nor deny the allegation contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein, and therefore leaves Plaintiff to their proofs.

108.    In response to paragraph 108, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

109.    In response to paragraph 109, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

110.    In response to paragraph 110, Defendants deny the allegations contained therein for the reason they are untrue.

111.    In response to paragraph 111, Defendants deny the allegations contained therein for the reason they are untrue.

112.    In response to paragraph 112, Defendants deny the allegations contained therein for the reason they are untrue.

113.    In response to paragraph 113, Defendants deny the allegations contained therein for the reason they are untrue.

114.    In response to paragraph 114, Defendants deny the allegations contained therein for the reason they are untrue.

16

115.    In response to paragraph 115, Defendants deny the allegations contained therein for the reason they are untrue.

116.    In response to paragraph 116, Defendants deny the allegations contained therein for the reason they are untrue.

117.    In response to paragraph 117, Defendants deny the allegations contained therein for the reason they are untrue.

118.    In response to paragraph 118, Defendants deny the allegations contained therein for the reason they are untrue.

119.    In response to paragraph 119, Defendants deny the allegations contained therein for the reason they are untrue.

120.    In response to paragraph 120, Defendants deny the allegations contained therein for the reason they are untrue.

121.    In response to paragraph 121, Defendants deny the allegations contained therein for the reason they are untrue.

122.    In response to paragraph 122, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

123.    In response to paragraph 123, Defendants deny the allegations contained therein for the reason they are untrue.

WHEREFORE, Defendants, HOLLY AREA SCHOOLS, TONY MAYHEW and KENT BARNES, respectfully request that this Honorable Court enter an order of no cause of action and deny the requested injunctive relief as to these Defendants, together with costs and attorney fees so wrongfully sustained.

## SECOND CAUSE OF ACTION: VIOLATION OF THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

124.    Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 123 inclusive, as if fully set forth herein.

125.    In response to paragraph 125, Defendants deny the allegations contained therein for the reason they are untrue.

126.    In response to paragraph 126, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

127.    In response to paragraph 127, Defendants deny the allegations contained therein for the reason they are untrue.

128.    In response to paragraph 128, Defendants deny the allegations contained therein for the reason they are untrue.

129.    In response to paragraph 129, Defendants deny the allegations contained therein for the reason they are untrue.

130.    In response to paragraph 130, Defendants deny the allegations contained therein for the reason they are untrue.

131.    In response to paragraph 131, Defendants deny the allegations contained therein for the reason they are untrue.

132.    In response to paragraph 132, Defendants deny the allegations contained therein for the reason they are untrue.

133.    In response to paragraph 133, Defendants deny the allegations contained therein for the reason they are untrue.

134.    In response to paragraph 134, Defendants deny the allegations contained therein for the reason they are untrue.

135.    In response to paragraph 135, Defendants deny the allegations contained therein for the reason they are untrue.

136.    In response to paragraph 136, Defendants deny the allegations contained therein for the reason they are untrue.

WHEREFORE, Defendants, HOLLY AREA SCHOOLS, TONY MAYHEW and KENT BARNES, respectfully request that this Honorable Court enter an order of no cause of action and deny the requested injunctive relief as to these Defendants, together with costs and attorney fees so wrongfully sustained.

### THIRD CAUSE OF ACTION: VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

137.    Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 136 inclusive, as if fully set forth herein.

138.    In response to paragraph 138, Defendants neither admit nor deny the allegation contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein, and therefore leaves Plaintiff to their proofs.

139.    In response to paragraph 139, Defendants neither admit nor deny the allegation contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein, and therefore leaves Plaintiff to their proofs.

140.    In response to paragraph 140, Defendants deny the allegations contained

therein for the reason they are untrue.

141.    In response to paragraph 141, Defendants deny the allegations contained therein for the reason they are untrue.

142.    In response to paragraph 142, Defendants deny the allegations contained therein for the reason they are untrue.

143.    In response to paragraph 143, Defendants deny the allegations contained therein for the reason they are untrue.

144.    In response to paragraph 144, Defendants deny the allegations contained therein for the reason they are untrue.

WHEREFORE, Defendants, HOLLY AREA SCHOOLS, TONY MAYHEW and KENT BARNES, respectfully request that this Honorable Court enter an order of no cause of action and deny the requested injunctive relief as to these Defendants, together with costs and attorney fees so wrongfully sustained.

### FOURTH CAUSE OF ACTION: VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

145.    Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 144 inclusive, as if fully set forth herein.

146.    In response to paragraph 146, Defendants deny the allegations contained therein for the reason they are untrue.

147.    In response to paragraph 147, Defendants deny the allegations contained therein for the reason they are untrue.

148.    In response to paragraph 148, Defendants deny the allegations contained therein for the reason they are untrue.

149.    In response to paragraph 149, Defendants deny the allegations contained therein for the reason they are untrue.

150.    In response to paragraph 150, Defendants deny the allegations contained therein for the reason they are untrue.

151.    In response to paragraph 151, Defendants deny the allegations contained therein for the reason they are untrue.

152.    In response to paragraph 152, Defendants deny the allegations contained therein for the reason they are untrue.

153.    In response to paragraph 153, Defendants deny the allegations contained therein for the reason they are untrue.

154.    In response to paragraph 154, Defendants deny the allegations contained therein for the reason they are untrue.

155.    In response to paragraph 155, Defendants deny the allegations contained therein for the reason they are untrue.

156.    In response to paragraph 156, Defendants deny the allegations contained therein for the reason they are untrue.

157.    In response to paragraph 157, Defendants deny the allegations contained therein for the reason they are untrue.

WHEREFORE, Defendants, HOLLY AREA SCHOOLS, TONY MAYHEW and KENT BARNES, respectfully request that this Honorable Court enter an order of no cause of action and deny the requested injunctive relief as to these Defendants, together with costs and attorney fees so wrongfully sustained.

21

## FIFTH CAUSE OF ACTION: VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

158.    Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 157 inclusive, as if fully set forth herein.

159.    In response to paragraph 159, Defendants neither admit nor deny the allegation contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein, and therefore leaves Plaintiff to their proofs.

160.    In response to paragraph 160, Defendants deny the allegations contained therein for the reason they are untrue.

161.    In response to paragraph 161, Defendants deny the allegations contained therein for the reason they are untrue.

162.    In response to paragraph 162, Defendants deny the allegations contained therein for the reason they are untrue.

163.    In response to paragraph 163, Defendants deny the allegations contained therein for the reason they are untrue.

164.    In response to paragraph 164, Defendants deny the allegations contained therein for the reason they are untrue.

165.    In response to paragraph 165, Defendants deny the allegations contained therein for the reason they are untrue.

166.    In response to paragraph 166, Defendants deny the allegations contained therein for the reason they are untrue.

167.    In response to paragraph 167, Defendants deny the allegations contained

therein for the reason they are untrue.

168.   In response to paragraph 168, Defendants deny the allegations contained therein for the reason they are untrue.

169.   In response to paragraph 169, Defendants deny the allegations contained therein for the reason they are untrue.

170.   In response to paragraph 170, Defendants deny the allegations contained therein for the reason they are untrue.

171.   In response to paragraph 171, Defendants deny the allegations contained therein for the reason they are untrue.

172.   In response to paragraph 172, Defendants deny the allegations contained therein for the reason they are untrue.

WHEREFORE, Defendants, HOLLY AREA SCHOOLS, TONY MAYHEW and KENT BARNES, respectfully request that this Honorable Court enter an order of no cause of action and deny the requested injunctive relief as to these Defendants, together with costs and attorney fees so wrongfully sustained.

### SIXTH CAUSE OF ACTION: VIOLATION OF ART I § 4 OF THE MICHIGAN CONSTITUTION

173.   Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 172 inclusive, as if fully set forth herein.

174.   In response to paragraph 174, Defendants deny the allegations contained therein for the reason they are untrue.

175.   In response to paragraph 175, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

23

176.    In response to paragraph 176, Defendants deny the allegations contained therein for the reason they are untrue.

177.    In response to paragraph 177, Defendants deny the allegations contained therein for the reason they are untrue.

178.    In response to paragraph 178, Defendants deny the allegations contained therein for the reason they are untrue.

179.    In response to paragraph 179, Defendants deny the allegations contained therein for the reason they are untrue.

180.    In response to paragraph 180, Defendants deny the allegations contained therein for the reason they are untrue.

181.    In response to paragraph 181, Defendants deny the allegations contained therein for the reason they are untrue.

182.    In response to paragraph 182, Defendants deny the allegations contained therein for the reason they are untrue.

183.    In response to paragraph 183, Defendants deny the allegations contained therein for the reason they are untrue.

184.    In response to paragraph 184, Defendants deny the allegations contained therein for the reason they are untrue.

WHEREFORE, Defendants, HOLLY AREA SCHOOLS, TONY MAYHEW and KENT BARNES, respectfully request that this Honorable Court enter an order of no cause of action and deny the requested injunctive relief as to these Defendants, together with costs and attorney fees so wrongfully sustained.

24

## PRAYER FOR RELIEF

WHEREFORE, Defendants, HOLLY AREA SCHOOLS, TONY MAYHEW and KENT BARNES, respectfully request that this Honorable Court enter an order of no cause of action and deny the requested injunctive relief as to these Defendants, together with costs and attorney fees so wrongfully sustained.

s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Rd, 10th Floor
Troy, MI   48084-5280
(248) 457-7000
tmullins@gmhlaw.com
P28021

DATED:  December 10, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.S., a minor, by and through his Next Friend,
KATHARINE SMITH, and KATHARINE
SMITH,

              Plaintiffs,                        Hon. Gerald Rosen

vs.                                        No. 09-14225

HOLLY AREA SCHOOLS, TONY MAYHEW
and KENT BARNES,

              Defendants.
_____/

DAVID A. CORTMAN
ALLIANCE DEFENSE FUND
Attorney for Plaintiffs
1000 Hurricane Shoals Road, NE
Building D, Suite 600
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-6744 fax
dcortman@telladf.org

TIMOTHY J. MULLINS (P28021)
GIARMARCO, MULLINS & HORTON, P.C.
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7000
(248) 457-7001 fax
tmullins@gmhlaw.com

JOEL J. KIRKPATRICK (P62851)
KIRKPATRICK LAW OFFICES
Attorney for Plaintiffs
31800 Northwestern Highway, Ste. 350
Farmington Hills, MI 48334
(248) 855-6010
(866) 241-4152 fax
joel@kirk-law.com

_____/

## AFFIRMATIVE DEFENSES

      NOW COME the Defendants, HOLLY AREA SCHOOLS, TONY MAYHEW and

KENT BARNES, by and through their attorneys, GIARMARCO, MULLINS & HORTON,

P.C., and for their Affirmative Defenses state as follows:

      1.      Plaintiffs have failed to state a claim or cause of action against these

Defendants as to which relief can be granted as a matter of fact and/or law.

2.      Defendants will show and rely upon at the time of trial that at all times pertinent hereto, Defendants were engaged in the performance of governmental functions and, therefore, are immune from suit for civil damages for this claim pursuant to the principles of governmental immunity as set forth in case law and the statutes of this State.

3.      The individual Defendants, in whole or in part, are entitled to qualified immunity.

4.      The individual Defendants, in whole or in part, are entitled to absolute immunity.

5.      Defendant Tony Mayhew is immune from suit because he took no individual action.

6.      Defendants will show at the time of trial that Plaintiffs have failed to mitigate their damages, if any.

7.      Plaintiffs have suffered no harm upon which an award of monetary damages may be based.

8.      Defendant School District can face no liability for Plaintiffs' claims because Defendant School District had no policy, practice or custom that abridged any of Plaintiffs' statutory or constitutional rights.

9.      Defendant School District has the right to control the activities of its students and to regulate the time, manner, place and duration of the distribution of literature on school grounds.

10.      The policies adopted by Defendant School District concerning the distribution of materials on school property is a reasonable regulation imposed by the

School District in order to maintain order within the schoolhouse, and otherwise regulate conduct on school grounds during the school day.

11.    Defendant District has the authority under state law to determine the proper curriculum and content of the information disseminated and/or distributed during the school day.

12.    To the extent that the Complaint seeks the relief in the form of an injunction, Plaintiff has failed to allege or prove adequate grounds for the issuance of an injunction.

13.    Defendant School District does not discriminate against student speech based on viewpoint.

14.    Defendant School District's classroom and hallways are closed forums.

15.    The proposed expressive conduct by the Plaintiffs herein, if allowed to occur, would involve the District in allowing impressionable elementary-aged children in being proselytized while at school, without the knowledge or consent of their parents, thereby creating an endorsement of religion by the District.

16.    The students in attendance at the elementary school are impressionable and their attendance at the school is involuntary, and the allowance of proselytizing of religious views creates an unlawful endorsement of religion by permitting proselyzation without parental permission.

17.    Defendants will show at the time of trial that all actions complained of in Plaintiff's Complaint were absolutely or qualifiedly privileged pursuant to the Constitutions, statutes and common law of the State of Michigan and of the United

States, and Defendants never acted or communicated with malice in reference to the Plaintiff.

18.    Plaintiffs' claims are not judiciable; Plaintiffs' claims are, or will be, moot.

19.    Plaintiffs' claims are barred by estoppel.

20.    Defendants will show at the time of trial that Plaintiffs were guilty of negligence or other willful conduct which contributed to the incidents complained of, and their conduct in this regard was the sole or partial cause of any injury complained of, and Plaintiffs' recovery should be barred or diminished to the extent of such conduct.

21.    Defendants will show at the time of trial that they were guided by and strictly observed all legal duties and obligations imposed by law or otherwise; and further, that all actions of any of Defendant's agents, servants, employees or associates were careful, prudent, proper and lawful.

22.    Plaintiffs' Complaint may be barred by the applicable statute of limitations and/or latches.

23.    Defendants will show at the time of trial that Plaintiff failed to notify Defendant of the actions complained of.

24.    Defendants will show and rely upon at the time of trial that there was no discriminatory intent.

25.    Plaintiffs may have failed to exhaust their administrative remedies.

26.    Defendants reserve the right to amend their Answer, including additional affirmative defenses, upon completion of investigation and discovery of this cause.

WHEREFORE, Defendants, HOLLY AREA SCHOOLS, TONY MAYHEW and KENT BARNES, respectfully request that this Honorable Court enter an order of no

cause of action and deny the requested injunctive relief as to these Defendants, together with costs and attorney fees so wrongfully sustained.

                                    s/TIMOTHY J. MULLINS
                                    GIARMARCO, MULLINS & HORTON, PC
                                    Attorney for Defendants
                                    101 W. Big Beaver Rd, 10th Floor
                                    Troy, MI   48084-5280
                                    (248) 457-7000
                                    tmullins@gmhlaw.com
                                    P28021

DATED:  December 10, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.S., a minor, by and through his Next Friend,
KATHARINE SMITH, and KATHARINE
SMITH,

         Plaintiffs,                      Hon. Gerald Rosen

vs.                                   No. 09-14225

HOLLY AREA SCHOOLS, TONY MAYHEW
and KENT BARNES,

         Defendants.
_____/

DAVID A. CORTMAN
ALLIANCE DEFENSE FUND
Attorney for Plaintiffs
1000 Hurricane Shoals Road, NE
Building D, Suite 600
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-6744 fax
dcortman@telladf.org

TIMOTHY J. MULLINS (P28021)
GIARMARCO, MULLINS & HORTON, P.C.
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7000
(248) 457-7001 fax
tmullins@gmhlaw.com

JOEL J. KIRKPATRICK (P62851)
KIRKPATRICK LAW OFFICES
Attorney for Plaintiffs
31800 Northwestern Highway, Ste. 350
Farmington Hills, MI 48334
(248) 855-6010
(866) 241-4152 fax
joel@kirk-law.com

_____/

**JURY DEMAND**

      NOW COME the Defendants, HOLLY AREA SCHOOLS, TONY MAYHEW and

KENT BARNES, by and through their attorneys, GIARMARCO, MULLINS & HORTON,

P.C.C., and hereby demand a jury trial in the above cause of action.

                               s/TIMOTHY J. MULLINS
                               GIARMARCO, MULLINS & HORTON, PC

Attorney for Defendants
101 W. Big Beaver Rd, 10th Floor
Troy, MI   48084-5280
(248) 457-7000
tmullins@gmhlaw.com
P28021

DATED: December 10, 2009

## CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on the 10th day of December, 2009, he did serve a copy of **DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES and JURY DEMAND** via the United States District Court electronic transmission on the aforementioned date.

s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021